UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Joseph and Barbara Pukt

v.

Civil No. 14-cv-215-JD
Opinion No. 2016 DNH 091

Nexgrill Industries, Inc.

O R D E R

Joseph and Barbara Pukt brought suit against Nexgrill Industries, Inc., alleging claims that arose from damage to their property after a grill manufactured by Nexgrill caught fire. The Pukts move for leave to amend their complaint to add allegations to support an award of punitive and enhanced compensatory damages.[1] Nexgrill objects.

## Standard of Review

In response to a motion for leave to amend a complaint, "[t]he court should freely give leave when justice so requires."[2]

[1] "Enhanced compensatory damages are a remedy not a substantive claim." Jenks v. Textron, Inc., 2012 WL 2871686, at *1 (D.N.H. July 10, 2012). Therefore, the Pukts are moving to add allegations to support that remedy and are not seeking to add a claim.

[2] In this case, the scheduling order does not include a deadline for seeking leave to amend the complaint. Therefore, the Pukts need not first seek leave to amend the scheduling order. Cf. Martinez v. Petrenko, 792 F.3d 173, 180 (1st Cir. 2015) (explaining standard under Federal Rule of Evidence 16(b)(4)).

Fed. R. Civ. P. 15(a)(2).  To decide if justice requires leave to amend, the court considers all of the circumstances to "balance pertinent considerations." Palmer v. Champion Mortg., 465 F.3d 24, 30-31 (1st Cir. 2006).  Generally, the motion should be allowed in the absence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment," or another appropriate circumstance.  Foman v. Davis, 371 U.S. 178, 182 (1962).

A.  Undue Delay and Prejudice

   In its objection to the motion for leave to amend, Nexgrill asserts that the motion is too late and that the proposed amendment of the complaint will prejudice Nexgrill.  At the final pretrial conference, however, Nexgrill's counsel conceded that it has all of the relevant information for its defense.  The only prejudice would be the extra time necessary to prepare the defense for trial.

   Because of other circumstances raised during the final pretrial conference, the trial scheduled to begin on June 7, 2016, has been continued until a date next fall, which remains to be determined.  Therefore, any prejudice that might have resulted from the proximity of trial is no longer an issue.

The Pukts waited until less than a month before the date the trial was scheduled to begin to seek leave to amend, despite knowing the underlying facts for six months to a year. Counsel's only explanation for the delay was an expectation that the case would settle. Nexgrill, too, has known the underlying facts for months. Despite the delay, the lack of prejudice to Nexgrill weighs in favor of allowing the amendment.

B. Futility

Nexgrill contends that the new damages allegations are futile because State Farm Mutual Insurance Company is the real party in interest and a subrogee cannot recover more than it actually paid. Nexgrill also contends that there are no facts in the case to support enhanced damages.

An amendment is futile if it cannot survive the standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Platten v. HG Bermuda Exempted Ltd., 437 F.3d 118, 132 (1st Cir. 2006). In considering a motion under Rule 12(b)(6), the court assumes the truth of the properly pleaded facts and takes all reasonable inferences from the facts that support the plaintiff's claims. Mulero-Carrillo v. Roman-Hernandez, 790 F.3d 99, 104 (1st Cir. 2015). Based on the properly pleaded facts, the court determines whether the

plaintiff has stated "a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

The Pukts' claims are brought under New Hampshire law.  New Hampshire prohibits punitive damages, unless specifically allowed by statute.  RSA 507:16.  The Pukts cite no statute that allows punitive damages for product liability claims.  Therefore, the request for punitive damages is futile and is denied.

New Hampshire recognizes enhanced compensatory damages when the defendant's actions are "wanton, malicious, or oppressive." Stewart v. Bader, 154 N.H. 75, 87 (2006).  "'Wanton conduct means that the actor is aware that his actions are causing a great risk of harm to others." Collins v. Dartmouth-Hitchcock Med. Ctr., 2014 WL 1364957, at *2 (D.N.H. Apr. 7, 2014) (quoting Johnson v. The Capital Offset Co., Inc., 2012 WL 781000, at *1 (D.N.H. Mar. 6, 2012)).  The allegations in the complaint, taken in the proper light, support at least wanton conduct by Nexgrill.

There is no dispute that this is a subrogation case and that State Farm is the subrogee of the Pukts as to their claims against Nexgrill arising out of the fire and ensuing damage to their home.  Nexgrill argues that State Farm cannot recover enhanced damages because it is entitled to only the amount it paid the Pukts.  In support, Nexgrill cites authority that as a

general rule a subrogee can be indemnified for only the amount it actually paid.  See Chase v. Ameriquest Mortg. Co., 155 N.H. 19, 28 (2007).

The subrogation issue in Chase arose out of a mortgage the plaintiff's ex-husband obtained by forging the plaintiff's signature and involved the plaintiff's homestead right to the property that had been mortgaged.  155 N.H. at 20-21.  The New Hampshire Supreme Court explained in some detail that the result in Chase was based on principles of equity.  Id. at 25-27.  Ameriquest paid the underlying mortgage on the property but issued a mortgage for more than that amount.  Id. at 28.  The court held that Ameriquest could recover the amount the plaintiff owed on the underlying mortgage but not the additional amount owed for the new mortgage.  Id.

Given the unusual circumstances in Chase, it is far from clear that the limitation on recovery by the subrogee in that case would apply here.  Further, the Pukts remain the named plaintiffs in this case.  As discussed briefly at the final pretrial conference, whether the Pukts or State Farm would receive enhanced damages, if any are awarded, would be a matter to be resolved between State Farm and the Pukts and is not an issue in this case.  Therefore, Nexgrill has not shown that the proposed allegations to support enhanced damages would be futile.

C. Summary

The Pukts are granted leave to file an amended complaint that seeks enhanced compensatory damages but not punitive damages. The requests for punitive damages shall be removed from the amended complaint.

In addition, during the final pretrial conference, counsel for the Pukts stated that they were not pursuing their claim for breach of warranties, Count II. The court concludes that the Pukts are voluntarily dismissing the breach of warranties claim. Therefore, the amended complaint shall be revised to omit the claim for breach of warranties and the strict liability claim shall be renumbered as Count II.

## Conclusion

For the foregoing reasons, the plaintiffs' motion for leave to amend the complaint (document no. 71) is granted except for the remedy of punitive damages. The plaintiffs shall file the amended complaint, as allowed in this order, **on or before June 8, 2016.**

SO ORDERED.

Joseph A. DiClerico, Jr.

Joseph DiClerico, Jr.
United States District Judge

May 31, 2016

cc: Raymond E. Mack, Esq.
Joseph L. McGlynn, Esq.
Kevin Truland, Esq.
Richard F. Wholley, Esq.