```
                  UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF NEW HAMPSHIRE
```

Joseph and Barbara Pukt

    v.                                    Civil No. 14-cv-215-JD
                                                   Opinion No. 2016 DNH 151

Nexgrill Industries, Inc.


### O R D E R

Joseph and Barbara Pukt brought suit against Nexgrill Industries, Inc., alleging claims that arose from damage to their property after a grill manufactured by Nexgrill caught fire.  On July 19, 2016, the court ordered Nexgrill to show cause why the Pukts' objections to certain motions in limine, which included exhibits that Nexgrill had marked confidential, should remain sealed.  Nexgrill filed a response, asserting that there was good cause to keep the objections and exhibits sealed.  The Pukts filed a response to Nexgrill's submission, asserting that they could not articulate a good cause why the objections and exhibits should remain sealed.


### Standard of Review

"Public access to judicial records and documents allows the citizenry to 'monitor the functioning of our courts, thereby insuring quality, honesty and respect for our legal system.'" Nat'l Org. for Marriage v. McKee, 649 F.3d 34, 70 (1st Cir.

2011) (quoting FTC v. Standard Fin. Mgmt. Corp., 830 F.2d 404, 410 (1st Cir.1987)).  Accordingly, a presumption exists that documents submitted to the court in litigation and on which the court relies in determining substantive issues in the case should be available to the public.  See In re Providence Journal Co., 293 F.3d 1, 9 (1st Cir. 2002); United States v. Ciccolo, 2015 WL 9294206, at *3 (D. Mass. Dec. 21, 2015).  Although this presumption can "be overcome by competing interests," "only the most compelling reasons can justify non-disclosure of judicial records."  Id. (quoting Standard Fin. Mgmt. Corp., 830 F.2d at 410).  As the party seeking to keep the documents sealed, Nexgrill bears the burden of making a showing compelling enough "to overcome the presumption of public access."  Id.

## Discussion

Nexgrill contends that the objections and exhibits should remain under seal because some of the exhibits were only produced to the Pukts by the Consumer Product Safety Commission after Nexgrill and the Pukts' counsel executed a confidentiality agreement.  However, "[t]he fact that the parties agreed to keep documents confidential, by itself, is insufficient to overcome the public interest in access to the documents."  Booth v.

2

Davis, No. CV 10-4010-KHV, 2016 WL 1170949, at *3 (D. Kan. Mar. 23, 2016) (collecting cases). Beyond referring to the confidentiality agreement, Nexgrill does not provide any compelling reason for why the Pukts' objections and the exhibits should be kept under seal.[1] For example, although Nexgrill relies on the confidentiality agreement, it does not explain how any of the relevant material is confidential or otherwise protected from disclosure. Therefore, Nexgrill has not shown that a compelling interest exists that overcomes the presumption in favor of public disclosure.

Accordingly, the objections and exhibits will not remain under seal.

## Conclusion

For the foregoing reasons, the court will vacate its order sealing the relevant material (endorsed order, July 7, 2016).

---

[1] To the extent Nexgrill argues that the exhibits should be sealed based on the Consumer Product Safety Act's public disclosure provision, see 15 U.S.C. § 2055, Nexgrill has not sufficiently developed an argument as to why that statute requires sealing documents in this litigation. See Higgins v. New Balance Athletic Shoe, Inc., 194 F.3d 252, 260 (1st Cir. 1999) ("The district court is free to disregard arguments that are not adequately developed . . . .").

3

The Pukts' objections and the attached exhibits (doc. nos. 131-33) will be unsealed on August 29, unless a further response from Nexgrill persuades the court otherwise before then.

SO ORDERED.

>*/s/ Joseph A. DiClerico, Jr.*
>Joseph A. DiClerico, Jr.
>United States District Judge

August 23, 2016

cc: Raymond E. Mack, Esq.
    Joseph L. McGlynn, Esq.
    Kevin Truland, Esq.
    Richard F. Wholley, Esq.