```
                  UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW HAMPSHIRE
```

Joseph and Barbara Pukt

    v.                                        Civil No. 14-cv-215-JD
                                              Opinion No. 2016 DNH 157

Nexgrill Industries, Inc.


O R D E R

Joseph and Barbara Pukt brought suit against Nexgrill Industries, Inc., alleging claims that arose from damage to their property after a grill manufactured by Nexgrill caught fire.  Nexgrill moves, in limine, to preclude the Pukts from offering evidence of other fires involving grills that it manufactured.  The Pukts object.

Background

In 2005, Joseph Pukt received a grill from his family as a Father's Day gift.  The grill was manufactured by Nexgrill and was one of its Model 720-0036-HD-05 grills.  The 720-0036-HD-05 model grill was one of eight models that Nexgrill produced and marketed in its 720 series.  On September 8, 2005, all Model 720-0036-HD-05 grills were recalled because they contained a defect that, in some instances, caused the fuel hose to come

into contact with the grill's firebox and melt, creating a propane leak that could ignite.

On July 1, 2012, the Pukts' grill caught fire shortly after a family member finished cooking on it.  The fire spread to the Pukts' deck and house, causing extensive damage.  The Pukts assert that the fire was caused by the same fuel hose defect that resulted in the recall of all Model 720-0036-HD-05 grills.  The Pukts bring claims against Nexgrill for negligence and strict liability.

The Pukts intend to introduce evidence at trial concerning other fires involving grills manufactured by Nexgrill.  Nexgrill has moved, in limine, to preclude the Pukts from introducing this evidence, arguing that the evidence is inadmissible because the other fires are not substantially similar to the accident at issue here.  Nexgrill also contends that the evidence of other accidents is inadmissible because it is unfairly prejudicial and risks confusing the jury.

## Standard of Review

To be admitted at trial, evidence must be relevant.  Fed. R. Evid. 402.  Evidence is relevant when "it has any tendency to make a fact more or less probable than it would be without the evidence" and the "fact is of consequence in determining the

action." Fed. R. Evid. 401. A court may exclude relevant evidence, however, "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

In products liability cases, courts employ a more particularized inquiry into probative value when assessing whether evidence of prior accidents is admissible. Trull v. Volkswagen of Am., Inc., 187 F.3d 88, 98 n.9 (1st Cir. 1999). Under this standard, "[e]vidence of prior accidents is admissible . . . only if the proponent of the evidence shows that the accidents occurred under circumstances substantially similar to those at issue in the case at bar." Moulton v. Rival Co., 116 F.3d 22, 26-27 (1st Cir. 1997) (quoting McKinnon v. Skil Corp., 638 F.2d 270, 277 (1st Cir. 1981)). Substantial similarity is "a function of the theory of the case" and, therefore, does not require that the circumstances surrounding the other accidents be identical. Moulton, 116 F.3d at 27.

When a party offers evidence of other accidents to show notice or awareness of a dangerous condition, however, the similarity requirement is relaxed. U.S. Aviation Underwriters, Inc. v. Pilatus Bus. Aircraft, Ltd., 582 F.3d 1131, 1147-48

(10th Cir. 2009); Surles ex rel. Johnson v. Greyhound Lines, Inc., 474 F.3d 288, 297-98 (6th Cir. 2007); Joy v. Bell Helicopter Textron, Inc., 999 F.2d 549, 555 (D.C. Cir. 1993); Jenks v. Textron, Inc., No. 09-CV-205-JD, 2012 WL 2679495, at *6 (D.N.H. July 6, 2012).  In such circumstances, "a lack of exact similarity . . . will not cause exclusion provided the accident was of a kind which should have served to warn the defendant." Bado-Santana v. Ford Motor Co., 482 F. Supp. 2d 197, 200 (D.P.R. 2007) (quoting Exum v. General Elec. Co., 819 F.2d 1158, 1162-63 (D.C. Cir. 1987)).

## Discussion

Nexgrill moves to preclude the admission of the following three categories of evidence of other accidents involving its grills: (1) evidence of other fires involving Model 720-0036-HD-05 grills (doc. no. 78); (2) evidence of customer returns of Model 720-0036-HD-05 grills because of fires (doc. no. 81); and (3) evidence of fires involving other models of Nexgrill grills (doc. no. 82).  The Pukts contend that each category is relevant and admissible.

A.   Other Fires Involving Model 720-0036-HD-05 Grills

Nexgrill moves generally to exclude evidence of other fires involving Model 720-0036-HD-05 grills.  The Pukts' claims in

4

this case are based on the theory that the grill's fuel hose contacted the fire box and melted, thereby allowing gas to escape and ignite.  Based on findings by the Consumer Product Safety Commission (the "CPSC") and subsequent investigations, the Pukts assert that the other fires involving Model 720-0036-HD-05 grills are substantially similar to their grill fire.

    The Pukts have attached to their objection a number of exhibits containing evidence of other fires in Model 720-0035-HD-05 grills.[1]  Several of these documents contain evidence of fires that were caused under circumstances similar to those alleged in the Pukts' complaint.  For example, one Nexgrill incident report concerning a grill that caught fire notes that "ALL HOSES MELTED."  Ex. D., Doc. 132-5 at 1.  In a discussion about that fire, a Nexgrill employee states that "the reason grill caught on fire is regulator hose touched fire box (or grease tray)."  Id. at 5.  Other documents in the Pukts' submission contain similar evidence of fires caused by a hose failure in Model 720-0036-HD-05 grills.  See e.g., Doc. 132-5 at 25 ("Pictures showed that regulator hose melted."), 61

---

[1] The Pukts attached evidence of other fires in support of their objection to Nexgrill's motion to exclude the evidence of customer returns.  The Pukts, however, incorporated that objection into their objection to Nexgrill's motion to exclude evidence of other fires involving Model 720-0036-HD-05 grills.

5

(referencing a burn caused "from hose melting"), 66 ("The hoses melted . . . and started to catch fire!"); doc. no. 132-6 at 25 ("[T]he hoses caught on fire, customer was able to turn tank off."). Those incidents comport with the Pukts' theory of the case, namely, that the fuel hose in their Model 720-0035-HD-05 grill contacted the fire box and melted, causing the grill to combust.

The Pukts have shown that at least some of the other fires are substantially similar to the fire at issue in this case. As such, the evidence of those fires is relevant to prove the elements of the Pukts' claims. Although Nexgrill asserts that this evidence should be excluded under Federal Rule of Evidence 403, it has provided no developed argument to show that the evidence should be excluded on that basis.

B.  <u>RGA Reports</u>

Nexgrill also moves to preclude the Pukts from introducing specific evidence about fires involving Model 720-0036-HD-05 grills found in Nexgrill's Return Good Authorization ("RGA") Reports. Home Depot was the retailer for Nexgrill's Model 720-0036-HD-05 grills. When Home Depot reported to Nexgrill that a customer returned a grill, Nexgrill recorded the return in a RGA Report and used the RGA Reports to track warranty claims.

The Pukts intend to introduce RGA Reports for a ten-month period that show that 181[2] Model 720-0036-HD-05 grills were returned to Home Depot because the grills caught fire.  The Pukts contend that the Reports are relevant to show that the grills we defective, that Nexgrill had notice of the defect, that Nexgrill had a duty to warn of the defect, and that the defect cause the fire in the Pukts' grill.  Nexgrill argues that the RGA Reports are not admissible because the Pukts cannot show that the reported fires were substantially similar to the fires involving their grill and because the evidence is inadmissible under Federal Rule of Evidence 403.

   i. <u>Defect, Duty to Warn, Causation</u>

The RGA Reports contain no evidence explaining the circumstances of each reported grill fire.  There are no details in the reports that would support an inference that the reported fires are substantially similar to the fire at the Pukts' home.  Therefore, standing alone, the RGA Reports do not satisfy the substantial similarity requirement.

---

[2] The Pukts contend that the RGA Reports show that "at least 181 grills 'caught fire' between January, 2005 and October, 2005."  Doc. no. 132-1.  However, the spreadsheet that they attached to their objection to the motion to compel appears to report a total of 188 reported fires.  <u>See</u> Doc. no. 132-3.

The Pukts contend, however, that the information on the RGA Reports "correspond[] with many other items" and that "[l]ike pieces to a puzzle" they have been able to link certain RGA Reports to other evidence.  In support, the Pukts cite a number of incident reports and investigations in which customer returns and correspondence are referenced.  The Pukts, however, have not shown any link between this evidence and any specific RGA Report out of the 181 RGA Reports concerning fires in Model 720-0036-HD-05 grills.  As a result, the Pukts have not shown that the RGA Reports are admissible to show a duty to warn, defect, or causation.

   ii. Notice

The Pukts also argue that the RGA Reports are admissible to show that Nexgrill had notice of a defect in the Model 720-0036-HD-05 grills.  Nexgrill does not address the issue of notice specifically but states that the RGA Reports should be excluded under Rule 403 as being more unfairly prejudicial than probative and likely to cause jury confusion.

The RGA Reports show that during a ten-month period long before the Pukts' grill caught fire, 181 people returned Model 720-0036-HD-05 grills to Home Depot because they caught fire. The reports of those returns notified Nexgrill that 181 Model 720-036-HD-05 grills had caught fire.  Those reported fires were

8

warnings to Nexgrill that the Model 720-0036-HD-05 grills contained a dangerous condition.  As Nexgrill admitted to the CPSC, it began its initial investigation into the Model 720-0036-HD-05 grills based in part on the RGA Reports.  Therefore, the RGA Reports are probative of the fact that Nexgrill had notice of a potential defect in its Model 720-0036-HD-05 grills before the Pukts' grill caught fire.

To the extent those RGA Reports occurred before September 8, 2005, the date of Nexgrill's recall, they are relevant to the question of whether Nexgrill initiated the recall in a timely manner.  The probative value and relevance of RGA Reports after September 8, 2005, must be determined at trial based on the circumstances and evidence presented.

Nexgrill contends, however, that the RGA Reports should be excluded under Rule 403.  As the party opposing admission, Nexgrill bears the burden of showing that the RGA Reports are not admissible under Rule 403.  United States v. Tse, 375 F.3d 148, 164 (1st Cir. 2004) (internal quotation marks omitted).  Nexgrill does not identify any unfair prejudice or likely confusion to the jury that substantially outweighs the RGA Reports' probative value in showing notice.  Therefore, with respect to notice before the September 8, 2005 recall, Nexgrill has not met its burden, and the RGA Reports before that time are

not barred by Rule 403.  As to the RGA Reports after September 8, 2005, the court will undertake as necessary any Rule 403 analysis at trial.

Accordingly, Nexgrill's motion to preclude all evidence of RGA Reports is denied to the extent that such evidence is used to prove notice of a defect.

C.   Evidence Involving Fires in Other Grills

Nexgrill moves to preclude the Pukts from introducing evidence of fires involving models of its grills other than the Model 720-0036-HD-05 grill.  Nexgrill and the Pukts focus their argument on evidence of fires in Model 720-0025 grills, another grill in the 720 series of grills.  As with the Model 720-0036-HD-05 grill, Model 720-0025 grills were recalled due to a defect that allowed a fuel hose to run up too close to the firebox.

The Pukts intend to introduce evidence of the 720-025 fires as "evidence of Nexgrill's failure to properly test and inspect the model series and grill family at issue in this case, which included the subject grill."  Doc. no. 133-1 at 4.  They argue that there is substantial similarity between those fires and their grill because (1) both models of grills were submitted for certification as members of the Nexgrill's 720 series without testing and (2) both ultimately exhibited similar defects.

Nexgrill contends that fires involving 720-0025 model grills are not substantially similar, and, therefore, evidence concerning them is inadmissible.  In support, Nexgrill asserts that the two grills were different products, containing different hoses, fireboxes, and failure mechanisms.  Nexgrill also asserts that the probative value of evidence concerning the Model 720-025 grill would be outweighed by its prejudicial effect and the risk that it will confuse the jury.

Although evidence of accidents occurring in similar but different products may be admissible, the circumstances of the accidents must be substantially similar.  See Moulton, 116 F.3d at 26-27.  The Pukts have not demonstrated substantial similarity between fires involving Model 720-0025 grills and the fire involving their grill.  Among other differences, the Model 720-0025 grill was bigger than the 720-0036-HD-05 grill, was designed differently, and had a different firebox construction.  That both grills were subject to similar testing is not a basis for disregarding the requirement that the other accidents occurred under circumstances substantially similar to the fire in the Pukts' grill.

Moreover, it is likely that any probative value of the evidence that the Pukts seek to introduce would be substantially outweighed by the danger of unfair prejudice, confusing the

jury, wasting time, and needlessly presenting cumulative evidence. See Fed. R. Evid. 403. The Pukts' negligent testing theory would likely result in the introduction of technical evidence involving the design, manufacture, and certification of the Model 720-0025 grill, which is not the grill model at issue in this case. Further, the evidence of fires in Model 720-0025 grills will not only be cumulative of the evidence of other grill fires but will also involve a model different from the one that the Pukts owned.

Therefore, the Pukts have not shown that the evidence of fires in the Model 720-0025 grills is relevant, and, as a result, the evidence would likely be more unfairly prejudicial than probative.

## Conclusion

For the foregoing reasons, the defendant's motion to preclude evidence of fires involving the subject grill (doc. no. 78) is denied. The defendant's motion to preclude evidence of the RGA Reports (doc. no. 81) is denied to the extent the evidence is offered to show notice of a defect and is otherwise

granted.  The defendant's motion to preclude evidence of fires involving other model grills (doc. no. 82) is granted.

    SO ORDERED.

                                                               /s/ Joseph A. DiClerico, Jr.
                                                               Joseph A. DiClerico, Jr.
                                                               United States District Judge

September 6, 2016

cc:   Raymond E. Mack, Esq.
      Joseph L. McGlynn, Esq.
      Kevin Truland, Esq.
      Richard F. Wholley, Esq.